UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                  :

ADORABLE ORCA,                              :
                        Plaintiff,  :
                                  :            26 Civ. 3845 (LGS)
         -against-                         :
                                  :

GEORGE ESTEVEZ SANTIAGO & ESTEVEZ  :            **ORDER**
LOGISTICS, INC.,                           :
                        Defendants.  :
                                  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on May 8, 2026, Defendants George Estevez Santiago and Estevez

Logistics, Inc. ("Estevez Logistics") removed this action from the Supreme Court of New York,

New York County, on the basis of diversity jurisdiction.  (Dkt. No. 1, "Notice of Removal").  As

explained below, the Notice of Removal does not demonstrate that diversity jurisdiction exists

and is procedurally defective.  The case is remanded because of these defects.

**Legal Standard**

WHEREAS, a federal district court "shall have original jurisdiction of all civil actions

where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).

WHEREAS, "the party invoking federal jurisdiction" bears the burden "to establish the

existence of diversity jurisdiction."[1]  *Platinum-Montaur Life Scis., LLC v. Navidea*

*Biopharmaceuticals, Inc.*, 943 F.3d 613, 618 (2d Cir. 2019).  "[R]esidence alone is insufficient to

establish domicile for jurisdictional purposes."  *Van Buskirk v. United Grp. of Cos., Inc.*, 935

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and
citations are omitted, and all alterations are adopted.

F.3d 49, 54 (2d Cir. 2019). "[D]iversity of citizenship must exist at [the] time [the] action was filed in state court as well as at [the] time of removal." *United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *accord Acosta-Rosario v. Lytch*, No. 23 Civ. 9077, 2024 WL 3487738, at *3 (S.D.N.Y. July 19, 2024). A court must "resolve any doubts against removability." *Link Motion Inc. v. DLA Piper LLP*, 103 F.4th 905, 911 (2d Cir. 2024).

**Diversity Jurisdiction**

WHEREAS, the Complaint asserts claims against Defendants arising under state law.

WHEREAS, the Complaint asserts, and the Notice of Removal does not contest, that Plaintiff is a resident of New York. The Complaint and Notice of Removal assert that the individual Defendant, Estevez Santiago, is a resident of Pennsylvania. The Complaint does not allege the citizenship of corporate Defendant Estevez Logistics, but the Notice of Removal asserts that Estevez Logistics maintains its principal place of business in Pennsylvania and is incorporated under Pennsylvania law.

WHEREAS, the Notice of Removal does not demonstrate diversity jurisdiction. First, the Notice of Removal is deficient because it alleges only the residency of Plaintiff and Estevez Santiago -- not their domicile, as is required to allege citizenship. *See Van Buskirk*, 935 F.3d at 54. Second, the Notice of Removal alleges Plaintiff's residency at the time of service of the Summons -- not "at [the] time of removal." *United Food & Commercial Workers Union*, 30 F.3d at 301. These deficiencies merit remand. *See Platinum-Montaur*, 943 F.3d at 617.

**Procedural Defect**

WHEREAS, the Notice of Removal is also procedurally defective. When an action is removed under 28 U.S.C. § 1441(a), the notice of removal must be filed "together with a copy of

2

all process, pleadings, *and orders* served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a) (emphasis added).  The Notice of Removal states that "[c]opies of all process, and the Summons and Complaint received by the Petitioners are filed herewith, and annexed hereto as Exhibits."  The Notice of Removal does not state that copies of all orders served upon Defendants have been filed in federal court.  A review of the state court docket indicates that an order was entered January 14, 2026, which Defendants have not filed.  *See Orca v. Estevez Santiago*, No. 156387/2025 (N.Y. Sup. Ct. N.Y. Cnty.).  This procedural defect also merits remand.  *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006).

**Remand**

WHEREAS, a district court may *sua sponte* remand a case to state court when the party seeking removal has failed to establish diversity jurisdiction or for a procedural defect with the Notice of Removal.  *Platinum-Montaur*, 943 F.3d at 616 (diversity jurisdiction); *Mitskovski*, 435 F.3d at 131 (procedural defect).  It is hereby

**ORDERED** that the matter is remanded to state court.

The Clerk of Court is respectfully directed to close the case and to mail a certified copy of this Order to the Supreme Court of the State of New York, New York County, pursuant to 28 U.S.C. § 1447(c).

Dated: May 20, 2026
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

3